445 Mich. 279 (1994)
517 N.W.2d 732
In re FORFEITURE OF $256 AND ONE 1978 OLDSMOBILE
(PEOPLE
v.
GUMAR)
Docket No. 95973, (Calendar No. 2).
Supreme Court of Michigan.
Argued April 5, 1994.
Decided June 7, 1994.
Frank J. Kelley, Attorney General, Thomas L. Casey, Solicitor General, John D. O'Hair, Prosecuting Attorney, Andrea L. Solak, Chief, Special Operations, and Mary Sue Czarnecki, Assistant Prosecuting Attorney, for the people.
*280 Prison Legal Services of Michigan, Inc. (by Sandra Girard), for Gumar.
MEMORANDUM OPINION.
On July 6, 1986, Mack Gumar was driving a 1978 Oldsmobile in the City of Detroit. Two officers of the Detroit Police Department effected a traffic stop. Finding what appeared to be controlled substances in Mr. Gumar's automobile, they seized the vehicle, as well as $256 in currency.
The Wayne County prosecuting attorney filed and served upon Mr. Gumar a complaint for forfeiture.[1] Mr. Gumar did not file an answer.[2] The prosecutor then filed and served a motion for summary disposition, to which Mr. Gumar did not file a response.[3]
The motion was granted and the circuit court ordered forfeiture of the vehicle and the currency. It appears that the vehicle and the currency were disposed of in the customary manner.[4]
Almost nine months after the entry of the forfeiture order, Mr. Gumar filed a pro se motion to set aside the summary disposition. With regard to the forfeiture, he proposed several substantive defenses. He also attempted to explain why his opposition had been delayed.[5]
*281 The circuit court denied Mr. Gumar's motion to set aside the summary disposition. The court said that it was without jurisdiction to grant the relief "for the reason that the res in this matter has been disposed of and thus, there is no defendant over which this court can exercise its power were it disposed to do so." The circuit court added that, "even were this court to have jurisdiction, the basis of the present motion does not justify the granting of the relief sought."
Mr. Gumar appealed,[6] but the Court of Appeals affirmed.[7] The Court of Appeals agreed with the circuit court that, because there had been a sale or other disposition of the forfeited property, there was no further jurisdiction over the subject matter of the action. The court did not address Mr. Gumar's remaining issues, since the jurisdictional ruling was "determinative."[8]
We granted Mr. Gumar's delayed application for leave to appeal, "limited to whether the sale or other disposition of the seized property by the plaintiff meant that the lower courts could not grant relief to the appellant even if his arguments against forfeiture were meritorious." 444 Mich 925 (1994).[9]
Mr. Gumar argues that acceptance of the rule stated by the lower courts would render forfeiture *282 orders "appeal-proof," since prompt disposal of forfeited assets would deprive the courts of jurisdiction. In support of his argument, he cites Republic Nat'l Bank of Miami v United States, 506 US ___; 113 S Ct 554; 121 L Ed 2d 474 (1992). There, the United States Supreme Court held that an appellate court does not lose jurisdiction when there is disposition of forfeited assets.
The prosecuting attorney does not dispute the correctness or the applicability of the Republic Nat'l Bank decision. The assistant prosecutor handling this matter has written to this Court to say, "Based upon the United States Supreme Court ruling in Republic Nat'l Bank of Miami v United States, supra, an appellate court is not divested of jurisdiction by a subsequent disposition of the `res.'"
However, the prosecuting attorney argues that resolution of the jurisdictional question does not end the inquiry concerning whether relief may be granted. The prosecutor says that the disposition of the property renders this dispute moot. We disagree.
Employing a variety of analyses, the justices of the United States Supreme Court rejected a mootness argument in Republic Nat'l Bank. We likewise are persuaded that, in this context, the prosecutor offers a distinction without a difference. If there is merit to Mr. Gumar's arguments concerning the underlying forfeiture order, the prior disposition of the assets will not bar entry of an order directing the plaintiff to return the assets or the proceeds from the disposition of the assets.[10]
The issue on which we granted leave should be decided in accordance with Republic Nat'l Bank. *283 We therefore vacate the judgment of the Court of Appeals and remand this case to the Court of Appeals for consideration of Mr. Gumar's remaining issues.
CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.
NOTES
[1] MCL 333.7521 et seq.; MSA 14.15(7521) et seq.
[2] From prison, Mr. Gumar wrote the circuit court, requesting an opportunity to appear and defend this matter pro se. There is no indication that the circuit court responded to Mr. Gumar's letter.
[3] His aunt appeared at the motion hearing to explain his inability to be present.
[4] MCL 333.7524(1); MSA 14.15(7524)(1). Mr. Gumar objects that the circuit court file does not contain confirmation that there has been a disposition of the forfeited assets. However, there is no indication that the assets remain in the control of the police or the circuit court.
[5] Mr. Gumar discussed his imprisonment for an unrelated offense, as well as a medical condition that rendered him legally blind for several months until an eye operation restored his vision. He also explained his early efforts to persuade the circuit court to allow him to participate in the forfeiture case, notwithstanding his imprisonment.
[6] Initially, the Court of Appeals denied an application for leave to appeal. This Court remanded the case for consideration as on leave granted. Unpublished order of the Court of Appeals, entered February 8, 1989 (Docket No. 111321), remanded 433 Mich 903 (1989).
[7] Unpublished opinion per curiam of the Court of Appeals, issued January 7, 1993 (Docket No. 123188).
[8] The Court of Appeals also characterized Mr. Gumar's other issues as "moot," citing In re Forfeiture of $53, 178 Mich App 480, 485; 444 NW2d 182 (1989).
[9] Later, the prosecuting attorney moved for permission to file a late brief. We grant that motion.
[10] Though we reject the prosecuting attorney's arguments concerning jurisdiction and mootness, we do not foreclose other arguments concerning the procedural history or the timing of this matter.